**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 07-4826**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MIGUEL ANGEL NAJERA-FRAIRE,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:07-cr-00167-HEH)

───────────────

Submitted:  January 15, 2008       Decided:  January 29, 2008

───────────────

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Michael S. Nachmanoff, Federal Public Defender, Mary E. Maguire, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, S. David Schiller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miguel Angel Najera-Fraire appeals his sentence for reentering the country illegally after deportation, subsequent to a conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(b)(2) (2000). Najera-Fraire received a sentence of ninety-six months' incarceration for his crime.

Following United States v. Booker, 543 U.S. 220 (2005), a district court must engage in a multi-step process at sentencing. After calculating the appropriate advisory guidelines range, a district court should consider the resulting range in conjunction with the factors set out in 18 U.S.C. § 3553(a) (2000), and determine an appropriate sentence. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006).

A sentence is valid if it "is within the statutorily prescribed range and is reasonable." United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). A sentence that falls within the properly calculated advisory guidelines range is entitled to a presumption of reasonableness. United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see also Rita v. United States, 127 S. Ct. 2456, 2462-68 (2007) (upholding application of presumption of reasonableness to sentences within the guidelines).

Najera-Fraire's sentence is presumptively reasonable because it fell within the advisory guidelines range, which ranged

from 77 to 96 months' imprisonment. This presumption can only be rebutted by showing the sentence is unreasonable when measured against the § 3553(a) factors. United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), cert. denied, 127 S. Ct. 3044 (2007).

In imposing the sentence of ninety-six months, the district court stated:

> Well I have considered the United States sentencing guidelines as advisory only, and I have reviewed all the factors set forth in 18, United States Code, Section 3553(a). Of particular pertinence to this case is deterrence, respect for the law, and protection of the community.
>
> With respect to that analysis, there is a motion before the Court for a downward variance. This Court has considered the testimony of Ms. Kline [Najera-Fraire's girlfriend]. And I do consider it to be significant that he has a good work record and that he supports his punitive family. However, on the other side of the ledger, this is an individual who has continually violated the law since the moment he set foot on U.S. soil. He has 23 convictions for various offenses. He has 2 burglary convictions; he has 4 DWI's; he has obstruction of justice; hit and run; filing a false police report; and a whole host of driving on suspended or no operator's license.
>
> I do not believe that anything short of a significant period of incarceration will deter him from reentering the United States or promote respect for the law.

Najera-Fraire reentered the country twice after being deported. His crime carries a maximum penalty of twenty years. See 8 U.S.C. § 1326(b)(2). He received twenty-six different convictions between 1994 and 2006. While the majority of those

- 3 -

convictions were for traffic violations, such as driving while intoxicated, driving with a suspended license, and failure to obey a highway sign, other convictions included failure to appear, theft, filing a false police report, obstructing justice, and burglary. This record of chronic recidivism demonstrated a lack of respect for United States law. The district court's sentence, at the high end of the applicable advisory guidelines range, is not unreasonable in light of the nature of the offense and the need to deter Najera-Fraire in the future. See Montes-Pineda, 445 F.3d at 379 (upholding the defendant's sentence under comparable circumstances).

Najera-Fraire argues his sentence was unreasonable because the district court failed to consider the remoteness of his felony conviction and his last deportation, his strong ties to the United States, and the effect of his alien status when classified by the Bureau of Prisons. While a district court must consider the various § 3553(a) factors and explain its sentence, it need not explicitly reference § 3553 or discuss every factor on the record, particularly when the court imposes a sentence within the guidelines range. Johnson, 445 F.3d at 345. "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." Rita, 127 S. Ct. at 2468. The factors raised by Najera-Fraire do not necessarily outweigh the seriousness of his offense, his

recidivism, and long criminal record, and thus do not show that the sentence he received was unreasonable.

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>